Bruns, J., dissenting:
I respectfully dissent. Although I agree with my colleagues that we are duty bound to follow the holding in State v. Wetrich , 307 Kan. 552, 412 P.3d 984 (2018), I do not believe that the holding in Wetrich should be extended to cases involving inherently person crimes such as rape and homicide. It is only in a world of legal fiction that a rape could possibly be deemed anything but a person crime.
It is important to note that Wetrich involved a comparison between the Kansas burglary statute, K.S.A. 21-3715, and the Missouri second-degree burglary statute, Mo. Rev. Stat. 569.170 (1986). In that context, the "identical or narrower" analysis made sense because crimes such as burglary can be either person or nonperson crimes depending on how they are committed. On the other hand, a rape-the penetration of another human being without consent-is by definition a person crime regardless of how or where it is committed. Thus, I would affirm.